DECISION
Plaintiff appeals concerning certain real property assessments for the 2008-09 tax year. Five separate appeals, with corresponding account numbers, were consolidated for trial. The properties were identified as two separate areas: the "Railroad Properties" and the "Evergreen Property." They are discussed more fully below. All the appeals are timely taken from orders of the Marion County Board of Property Tax Appeals (BOPTA).
A trial was held on February 18, 2010. John Storkel, Attorney at Law, represented Plaintiff; testifying as witnesses were: Jack Yarbrough, Plaintiff; Don Jensen, real estate developer; Chuck Sides, real estate developer; and Gladys Blum, realtor. Representing Defendant was Scott Norris, Assistant County Counsel; testifying as witnesses were County Appraisers Tom Rohlfing and Judy Pons. The record closed on April 15, 2010.
 I. STATEMENT OF FACTS
The trial presentation focused on two separate property groupings; they are discussed below. The focus at all times is the real market value (RMV) of the property as of January 1, 2008. *Page 2 
A. The Railroad Properties
This consists of two accounts: R336717 and R336716. For tax year 2008-09, the total RMV set by BOPTA was $315,290. Plaintiff seeks a reduction to $100,000. This vacant land totals 2.3 acres located near the intersection of Cordon Road and State Street within the Salem city limits.
Plaintiff filed no trial exhibits prior to the February 18, 2010, proceeding.[1] No formal appraisals or written valuation studies were offered. At trial, the oral presentation included the number of potential lots, "off-site costs," power line easements and a drainage ditch. No independent figures were provided for development costs; severe criticisms were offered as to Defendant's estimates.
Defendant's expert appraiser produced a comprehensive valuation study consisting of 55 pages, including supporting documentation. (Def's Ex B.) Three comparable land sales were identified. They occurred between September 2007 and July 2009. The prices ranged between $45,000 and $58,000 per buildable lot. Defendant's witness concluded the subject property could be utilized for a potential five single-family lots and five duplex lots. Estimated development costs were considered.
B. The Evergreen Property
This consists of three accounts: R26196, R342250 and R342251. For tax year 2008-09, the total RMV set by BOPTA was $144,000. Plaintiff seeks a reduction to $120,000.[2] Lot #1 consists of 4,091 square feet of level land; the address is 3007 Evergreen NE in Salem. Lot #2 *Page 3 
consists of 5,553 square feet of level land; the location is directly behind Lot #1. Lot #3 is likewise located behind Lot #1. This is larger at 9,602 square feet, some of it necessary for access.
As stated above, Plaintiff filed no trial exhibits prior to the February 18, 2010, proceeding. No formal appraisals or written valuation studies were offered. At trial, the oral presentation included comments about area problems with "the gang situation." Other problems included drainage issues. One of Plaintiff's witnesses was realtor Gladys Blum. She mentioned listings of the subject property in September 2007 at a level "in the mid-fifties." This is near the BOPTA conclusion. There were no specific sales offered to support the requested relief.
Defendant's expert witness offered a complete appraisal exhibit. (Def's Ex A.) Three comparable land sales were identified. They occurred between September 2007 and July 2009. The prices ranged between $45,000 to $58,000 each. Defendant's witness concluded the subject property RMV was $48,000 each for the subject property.
 II. ANALYSIS
The court's objective is to determine the RMV of Plaintiff's property as of January 1, 2008. ORS 308.205(1) defines real market value as:
 "Real market value of all property, real and personal, means the amount in cash that could reasonably be expected to be paid by an informed buyer to an informed seller, each acting without compulsion in an arm's-length transaction occurring as of the assessment date for the tax year."[3]
The court looks for "arm's length sale transactions of property similar in size, quality, age and location" to the subject property in order to reach a correct RMV. Richardson v. Clackamas CountyAssessor, TC-MD No 020869D, WL 21263620 at *3 (Mar 26, 2003). *Page 4 
Plaintiff in this case has presented no evidence of market transactions. Plaintiff complained about various perceived problems with all of the lots. But those problems have not been quantified nor applied to completed property sales. In valuation appeals such as these it is very difficult to prevail without a complete appraisal package prepared and exchanged with all parties prior to the courtroom proceeding.
Plaintiff's primary thrust at trial was an attempt to discredit Defendant's information. That is not sufficient to warrant a reduction. As stated in Poddar v. Dept. of Rev.,18 OTR 324, 332 (2005):" `[I]t is not enough for a taxpayer to criticize a county's position. Taxpayers must provide competent evidence of the RMV of their property.'"
Plaintiff has the burden of proof and must establish his case by a "preponderance" of the evidence. See ORS 305.427. A "[p]reponderance of the evidence means the greater weight of evidence, the more convincing evidence." Feves v. Dept. ofRevenue, 4 OTR 302, 312 (1971). "[I]f the evidence is inconclusive or unpersuasive, the taxpayer will have failed to meet his burden of proof." Reed v. Dept. of Rev.,310 Or 260, 265, 798 P2d 235 (1990). Plaintiff in this case has not met that statutory requirement. Accordingly, the appeal must be denied.
 III. CONCLUSION
There is no independent valuation evidence to support Plaintiff's requested values. Now, therefore, *Page 5 
IT IS THE DECISION OF THIS COURT that these appeals are denied.
Dated this ___ day of December 2010.
If you want to appeal this Decision, file a Complaint in theRegular Division of the Oregon Tax Court, by mailing to:1163 State Street, Salem, OR 97301-2563; or by hand delivery to:Fourth Floor, 1241 State Street, Salem, OR.
 Your Complaint must be submitted within 60 days after the dateof the Decision or this Decision becomes final and cannot bechanged.
 This document was signed by Magistrate Jeffrey S. Mattsonon December 3, 2010. The Court filed and entered this documenton December 3, 2010.
[1] Pursuant to Tax Court Rule-Magistrate Division 10 C(1), these were due to be exchanged with the other party at least 14 days (mailing) or ten days (actual delivery) prior to trial.
[2] The initial Complaints filed requested $35,000 per lot, or a total of $105,000. The relief sought was amended at trial to be $40,000 each, or a total of $120,000. The court notes this is within 16 percent of the BOPTA values.
[3] All references to the Oregon Revised Statutes (ORS) are to the 2007 edition. *Page 1